# 24-2647(L) 24-2867(Con)

## United States Court of Appeals for the Second Circuit

LEADENHALL CAPITAL PARTNERS LLC, LEADENHALL LIFE INSURANCE LINKED INVESTMENTS FUND PLC,

*Plaintiffs-Appellees,*

ING CAPITAL LLC, HAYMARKET INSURANCE COMPANY, ACM DELEGATE LLC, NATIONAL FOUNDERS LP,

*Intervenors,*

v.

ADVANTAGE CAPITAL HOLDINGS LLC, KENNETH KING, 777 PARTNERS LLC, 600 PARTNERS LLC, SPLCSS III LLC, SIGNAL SML 4 LLC, INSURETY AGENCY SERVICES LLC, DORCHESTER RECEIVABLES II LLC,

*Defendants-Appellants,*

JOSH WANDER, STEVEN PASKO, SUTTONPARK CAPITAL LLC, SIGNAL MEDICAL RECEIVABLES LLC, INSURETY CAPITAL LLP, SUTTONPARK SERVICING LLC, SIGNAL SERVICING LLC, INSURETY SERVICING LLC,

*Defendants.*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF NEW YORK

### REPLY BRIEF OF DEFENDANTS-APPELLANTS

JOHN G. MCCARTHY
SMITH, GAMBRELL & RUSSELL, LLP
1301 Avenue of the Americas
New York, New York 10019
(212) 907-9700

*Attorneys for Defendants-Appellants
777 Partners LLC, 600 Partners LLC,
SPLCSS III LLC, Signal SML 4 LLC,
Insurety Agency Services LLC and Dorchester
Receivables II LLC*

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................... ii

ARGUMENT ............................................................................................................1

CONCLUSION .........................................................................................................5

CERTIFICATE OF COMPLIANCE ........................................................................6

# TABLE OF AUTHORITIES

**Rules**             **Page(s)**

Federal Rule of Appellate Procedure 28(i) ................................................................ 1

**Secondary Sources**

Black's Law Dictionary (12th ed. 2024) ................................................................... 3

## Argument

Pursuant to Federal Rule of Appellate Procedure 28(i), Defendants-Appellants 777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, and Signal SML 4 LLC (the "777 Appellants")[1] adopt by reference the arguments set forth in the reply brief of Defendants-Appellants Advantage Capital Holdings LLC and Kenneth King (the "A-CAP Appellants").

Additionally, the 777 Appellants wish to bring to the Court's attention unsupported and misleading statements in the brief filed by Plaintiffs-Appellees Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC (collectively "Leadenhall").

The procedural background section of Leadenhall's brief falsely states that at the TRO hearing, Defendants argued that Leadenhall had been "transformed … from a fully secured creditor to an 'unsecured creditor'." Appellees' Br. at 14 (citing to argument by the 777 Appellants). At the TRO hearing, the 777 Appellants in fact agreed with the district court that Leadenhall was a secured creditor with respect to the four Borrowers. A-780 to A-781. The 777 Appellants

---

[1] Appellants 777 Partners LLC and 600 Partners LLC are collectively referred to herein as the "Guarantors" and Appellants SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, and Signal SML 4 LLC are collectively referred to herein as the "Borrowers."

then discussed the guaranty and argued that "there is no basis to restrain what's going on at 777 … because … even if it is triggered, they are an unsecured creditor …." A-782; *see id*. (further describing Leadenhall's request as "we're a secured creditor over here, and we want you to enjoin stuff over there, but we're not a secured creditor"). That section of Leadenhall's brief also falsely states that "intervenors National Founders and ING … supported the TRO and preliminary injunction." Appellees Br. at 16. As the district court observed in its ruling, the intervenors "agreed that, providing that there is an exception for transactions in the normal and ordinary course of business, they do not object to the temporary restraining order." A-823.

In the brief's summary of argument and argument sections, Leadenhall asserted that it "is unable to foreclose on its security interest because Defendants fraudulently deprived it of the promised collateral." Appellees Br. at 20; *see also id*. at 34. That statement is false because collateral does exist and Leadenhall could, if it so chooses, foreclose upon it.[2] First, as the district court found, the parties "executed LSA amendments retroactively applying additional interest to the <u>uncollateralized portion</u> of the outstanding debt." A-817 (emphasis added). Second,

---

[2] Leadenhall's failure to foreclose on its collateral deprives it of standing to pursue a civil RICO claim. Accordingly, the 777 Appellants have moved the District Court for dismissal based on lack of subject matter jurisdiction. Dist. Ct. ECF Nos. 203-205.

SGR/72384945.2

the complaint contains no allegations that Borrowers Insurety Agency Services LLC and Signal SML 4 LLC did not have sufficient collateral to support their borrowing bases of approximately $51 million and $74 million respectively. A-49 to A-117; A-317. Third, Leadenhall's complaint alleged that the other two Borrowers had more than $105 million of collateral supporting their borrowings from Leadenhall. A-76 to A-77. Accordingly, it is simply untrue that Leadenhall is unable to foreclose on collateral.

Elsewhere in the argument section of its brief, Leadenhall misleadingly states that "Defendants have … absconded with the specific collateral they promised would fully secure Leadenhall's investment." Appellees Br. at 29; *see also id*. at 31. Leadenhall did not proffer evidence that any defendant "absconded" with its collateral.[3] Given the nature of the collateral at issue, namely future cash flow from structured settlements or lottery winnings (A-204 (referring to "receivables"); *see also* A-49 to A-53 (description of the collateral in the complaint)), it is unfathomable how anyone could abscond with it. Moreover, even Leadenhall's factual background section does not support this accusation, Appellees Br. at 8-10, and instead states that "collateral ostensibly securing

---

[3] As this Court no doubt knows, to abscond means "To leave a place, usu. hurriedly, with another's money or property." ABSCOND, Black's Law Dictionary (12th ed. 2024).

3

Leadenhall's loans was pledged to other creditors (*i.e.*, 'double-pledged') or not owned by the Borrowers or Guarantors at all." Appellees Br. at 8. Likewise, the district court did not find that collateral was stolen; rather it found that the Borrowers "either never bought assets pledged to Leadenhall as collateral or pledged them to other lenders." A-811. Importantly, as discussed in greater detail in the reply brief of the A-CAP Appellants, the LSA anticipated that there could be a shortfall in the collateral borrowing base and addresses such a situation without including the type of relief sought now by Leadenhall.

## Conclusion

The 777 Appellants respectfully request that this Court vacate the preliminary injunction order in its entirety as to the assets of 777 Partners LLC and 600 Partners LLC.

Dated:  New York, New York
January 27, 2025

                                        SMITH, GAMBRELL & RUSSELL, LLP

By: _____
John G. McCarthy
*Counsel for Appellants*
*777 Partners LLC, 600 Partners LLC, SPLCSS III LLC, Dorchester Receivables II LLC, Insurety Agency Services LLC, and Signal SML 4 LLC*
1301 Avenue of the Americas
New York, New York 10019
Tel.:  (212) 907-9700
Fax:  (212) 907-9800

*Of counsel*
  David A. Pellegrino
  Katie L. Schwartz
  Ryan Solfaro

## Certificate of Compliance

This brief complies with Fed. R. App. P. Rule 32(a)(7) and Local Rule 32.1 because it contains 984 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(f).

This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because it has been prepared in a proportionally spaced typeface using Microsoft Word in Times New Roman 14-point font.

_____
John G. McCarthy

SGR/72384945.2