# United States Court of Appeals
FOR THE
SECOND CIRCUIT

_____

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 8th day of April, two thousand twenty-five.

_____

PRESENT:
        ROBERT D. SACK,
        MYRNA PÉREZ,
        SARAH A. L. MERRIAM,
                *Circuit Judges*.

_____

Leadenhall Capital Partners LLP, Leadenhall Life Insurance Linked Investments Fund PLC,

      *Plaintiffs-Appellees*,

ING Capital LLC, Haymarket Insurance Company, ACM Delegate LLC, National Founders LP,

      *Intervenors*,

               v.                          Nos. 24-2647, 24-2867

Advantage Capital Holdings LLC, Kenneth King,777 Partners LLC, 600 Partners LLC, Splcss III LLC, Signal SML 4 LLC, Insurety Agency Services LLC, Dorchester Receivables II LLC,

      *Defendants-Appellants*,

Josh Wander, Steven Pasko, SuttonPark Capital LLC, Signal Medical Receivables LLC, Insurety Capital LLP, SuttonPark Servicing LLC, Signal Servicing LLC, Insurety Servicing LLC,

      *Defendants*.

_____

The parties are directed to file supplemental letter briefs, not to exceed 8,000 words, addressing their respective views on (1) whether the close relationships among Borrowers and Guarantors (including certain parties serving as members of other parties' LLCs) should affect the Court's analysis; (2) whether the Guaranty Agreement is properly interpreted to, upon a triggering

event, create a security interest in any assets of Guarantors or to obligate Guarantors to provide sufficient collateral to secure Borrowers' loans; (3) whether the allegation that Guarantors engaged in "orchestrated acts of fraud" "to conceal the true state of Leadenhall's collateral" securing its loans to Borrowers, App'x at 1131, gives Leadenhall an equitable interest in Guarantors' assets; and (4) whether enforcing such obligations or interests is within the equity jurisdiction of the federal courts, including whether such relief was historically available from a court of equity.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

2