# KING & SPALDING

King & Spalding LLP
1185 Avenue of the Americas
New York, NY 10036-4003
Tel: +1 212 556 2100
Fax: +1 212 556 2222
www.kslaw.com

Leigh M. Nathanson
Direct Dial: +1 212 790 5359
Direct Fax: +1 212 556 2222
lnathanson@kslaw.com

July 7, 2025

**VIA ACMS**

Catherine O'Hagan Wolfe
Clerk of the Court
U.S. Court of Appeals for the Second Circuit
Thurgood Marshall United States Courthouse
40 Foley Square
New York, NY 10007

   **Re:** *Leadenhall Capital Partners LLP et al. v. Wander et al.*,
      Nos. 24-2647(L), 24-2867 (Cons.); Oral Argument held
      April 1, 2025

Dear Ms. Wolfe:

  Defendants-Appellants A-CAP Holdings LLC and Kenneth King's reliance on *Trump v. CASA, Inc.*, No. 24A884 (June 27, 2025), as supplemental authority to justify reversing the district court's injunction is misplaced. The opinion only confirms the need for this Court to affirm the decision below.

  *CASA* illustrates the importance of looking for a "historical analogue" when considering the scope of permissible equitable relief. Op. 7 n.6. But A-CAP's selective quotations ignore that, in so holding, the Court made clear that "[a] modern device need not have an exact historical match"; rather, "under *Grupo Mexicano*," it need only have "a founding-era antecedent." Op. 11. In *CASA*, the majority was not persuaded that a "decree obtained on a bill of peace" constituted a sufficient historical antecedent for the universal injunction because the "modern form" of the bill of peace is a class action, as evinced by the "virtually identical" requirements of Federal Rule of Civil Procedure 23. Op. 12-14 (quotation marks omitted).

  For the reasons explained in Leadenhall's briefs, the requisite "founding-era antecedent" for asset-restraining injunctions *does* exist here. Op. 11. Both English and American courts have historically endorsed injunctions against "waste" where the collateral at issue has been depleted. Dkt. 71 at 33-35. And A-CAP has yet to engage with any of Leadenhall's cited authority—much less to articulate why such injunctions against waste do not constitute sufficient historical analogues.

July 7, 2025
Page 2

      A-CAP is also wrong to argue that *CASA* rejected "flexible" equity jurisdiction. Dkt. 76 at 2. The Court expressly reaffirmed that "[e]quity is flexible" and that "[t]he essence of equity jurisdiction has been the power ... to do equity and to mould each decree to the necessities of the particular case." Op. 10, 18 (quotation marks omitted). While recognizing that equity's "flexibility is confined within ... broad boundaries," the Court entrusted district courts with fashioning appropriate relief within those boundaries. *Id.* at 10, 19 (quotation marks omitted). This Court should do the same and affirm the district court's injunction, which was carefully crafted to protect Leadenhall's equitable interest in the assets of the Borrowers and Guarantors.

                                                        Respectfully submitted,

                                                        */s/ Leigh M. Nathanson*

| | |
|---|---|
| Paul Alessio Mezzina | Craig Carpenito |
| Zoe M. Beiner | Leigh M. Nathanson |
| King & Spalding LLP | King & Spalding LLP |
| 1700 Pennsylvania Avenue NW | 1185 Avenue of the Americas |
| Washington, DC 20006 | 34th Floor |
| (202) 737-05000 | New York, NY 10036 |
| pmezzina@kslaw.com | (212) 790-5359 |
| zbeiner@kslaw.com | ccarpenito@kslaw.com |
| | lnathanson@kslaw.com |

*Counsel for Plaintiffs-Appellees Leadenhall Capital Partners LLP and Leadenhall Life Insurance Linked Investments Fund PLC*

CC: All counsel of record (via ACMS)